**Gary R. DEFILIPPO, Plaintiff–Appellant,**

v.

**NEW YORK STATE UNIFIED COURT SYSTEM, Office of Court Administration, Major Patrick Russo, Sgt. Erin Corcoran, Sgt. Robert Singer, and Joan B. Carey, Deputy Chief Administrative Judge, Defendants–Appellees.**

No. 06–1561–cv.

United States Court of Appeals, Second Circuit.

April 19, 2007.

Gary R. DeFilippo, Brooklyn, NY, *pro se.*

Richard Dearing, Assistant Solicitor General (Eliot Spitzer, Attorney General of the State of New York, *on the brief,* Michael S. Belohlavek, Senior Counsel, Division of Appeals and Opinions, *of counsel*), New York State Attorney General's Office, New York, NY, for Appellees.

PRESENT: THOMAS J. MESKILL, JOSÉ A. CABRANES, PETER W. HALL, Circuit Judges.

**SUMMARY ORDER**

Plaintiff Gary R. DeFilippo appeals a decision of the District Court denying his motion for summary judgment and granting defendants' motion for summary judgment. DeFilippo's second amended complaint, brought under 42 U.S.C. § 1983, set forth one cause of action alleging violations of his First Amendment rights. The decision under review found that DeFilippo's First Amendment claim was without merit and barred DeFilippo from raising a due process claim for the first time in his response to defendants' motion for summary judgment. We assume the parties' familiarity with the facts, the issues on appeal and the procedural history.

Upon a review of the record, and substantially for the reasons set forth in the decision of the District Court, we conclude that the District Court did not err in denying DeFilippo's motion for summary judgment and granting defendants' motion for summary judgment. DeFilippo's Equal Employment Opportunity ("EEO") complaints were not on a matter of public concern. *See, e.g., Saulpaugh v. Monroe*

**46**

*Cmty. Hosp.,* 4 F.3d 134, 143 (2d Cir.1993) (plaintiff's speech not constitutionally protected where it was "motivated by and dealt with her individual employment situation"). Assuming *arguendo* that DeFilippo's March 15, 1996 Unusual Occurrence Report was on a matter of public concern, it is nonetheless barred under the rule set forth in *Garcetti v. Ceballos,* —— U.S. ——, 126 S.Ct. 1951, 164 L.Ed.2d 689 (2006), which was decided after the District Court issued its opinion. As DeFilippo conceded in his deposition, the report was prepared pursuant to DeFilippo's official job duties as a court officer. Accordingly, the report was not protected by the First Amendment. *See Garcetti,* 126 S.Ct. at 1960 ("[W]hen public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline."). We also conclude that the District Court did not abuse its discretion in prohibiting DeFilippo from raising a due process claim for the first time in his opposition to defendants' summary judgment motion.

We have considered all of plaintiff's arguments on appeal and find them to be without merit. Accordingly, we hereby AFFIRM the judgment of the District Court.